directed for the defendant, upon the nonsuit, with costs. All concur, except Lambert and Merrell, JJ., who dissent.

Michael STUDER, respt., v. James S. BARNARD, impleaded, etc., applt. (Supreme Court, Appellate Division, Fourth Department. June 15, 1916.) Judgment and order affirmed with costs. All concur.

In the Matter of John J. SULLIVAN, Respt,. Annie B. KRUGER, Applt., v. Julius W. KRUGER, Deft. (Supreme Court, Appellate Division, First Department. May 12, 1916.) Order modified, by referring the question of fact arising upon the motion to Hon. James A. Blanchard, as official referee, and, as so modified, affirmed, without costs. No opinion. Settle order on notice.

Johanna F. SWEENEY, appellant, v. CITY OF NEW YORK. respondent. (Supreme Court, Appellate Division, Second Department. May 26, 1916.) Judgment unanimously affirmed, with costs. No opinion.

George TAUZA v. SUSQUEHANNA COAL CO. (Supreme Court, Appellate Division. First Department. June 23, 1916.) Motion denied, with $10 costs. Order filed.

George TAUZA, Respt., v. SUSQUEHANNA COAL CO., Applt. (Supreme Court, Appellate Division, First Department. June 23, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. McLaughlin and Scott, JJ., dissenting. Order filed.

TAYLOR INSTRUMENT COMPANIES, respt., v. MONOLITH REALTY CO., applt. (Supreme Court, Appellate Division, Fourth Department. May 17, 1916.) Order reversed with $10 costs and disbursements and motion granted with $10 costs to abide event. All concur, except Foote and Merrell, JJ., who dissent.

William THEILE v. Charles D. MENEELY. SAME v. Timothy S. WILLIAMS. SAME v. BROOKLYN RAPID TRANSIT CO. (Supreme Court, Appellate Division, First Department. June 30, 1916.) Applications denied, with $10 costs. Orders signed.

Peter THEODORAKOS, respt., v. NEW YORK CENTRAL & HUDSON RIVER R. CO., applt. (Supreme Court, Appellate Division. Fourth Department. May 24, 1916.) Judgment affirmed with costs. All concur.

Grace THOMPSON, appellant, v. CONEY ISLAND & BROOKLYN RAILROAD COMPANY, and another, respondents. (Supreme Court, Appellate Division, Second Department. June 23, 1916.) Motion for reargument denied, with $10 costs.

George A. THOMPSON and John J. Thompson, respondents. v. Aaron RADICK, appellant. (Supreme Court, Appellate Division. Second Department. June 23, 1916.) Order of the County Court of Westchester County affirmed, without costs. No opinion. Jenks, P. J., and Carr, Stapleton, Rich, and Putnam, JJ., concur.

Ernest TIBBITTS and Kenneth Root, respts., v. Ella STOCKING, applt. (Supreme Court, Appellate Division, Third Department. June 30, 1916.) Judgment affirmed, with costs. All concur, except Kellogg, P. J., dissenting.

Charles E. TICE, appellant, v. FELDBERG CONSTRUCTION COMPANY, defendant, and Van Mater Stilwell, respondent. (Supreme Court, Appellate Division, Second Department. June 23, 1916.) Application denied, with $10 costs.

William C. TIEDEMAN, appellant, v. Lillian M. TIEDEMAN, respondent. (Supreme Court Appellate Division, Second Department. May 19, 1916.) Stay granted on condition that plaintiff file a bond, with sureties, within five days, securing the payment of the counsel fee provided for by the order, in case of the affirmance of said order, and perfect his appeal, place the case on the calendar for Monday, June 5, 1916, and be ready for argument when reached; otherwise, motion denied.

William C. TIEDEMAN, respondent, v. Lillian M. TIEDEMAN, appellant. (Supreme Court, Appellate Division, Second Department. June 29, 1916.) Motion to dismiss appeal denied, without costs.

TIMES SQUARE IMPROVEMENT CO., Respt., v. VAN BEUREN & NEW YORK BILL POSTING CO., Applt. (Supreme Court, Appellate Division, First Department. May 26, 1916.) Judgment affirmed, with costs. No opinion. Order filed.

William Dorian TISCHKOWSKY, Plaintiff-Respondent, v. Clifford C. FISCHER, Defendant-Appellant. (Supreme Court, Appellate Term, First Department. June 26, 1916.) Appeal from Municipal Court, Borough of Manhattan, First District. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

BIJUR, J. The plaintiff testified in substance that a parol agreement was made between defendant and himself whereunder the defendant engaged the plaintiff at $100 a week as a performer, and that plaintiff was to pay the defendant, out of that $100 a week, $25. Immediately thereafter the parties signed a written agreement, under which the plaintiff appointed the defendant his manager to secure him employment as an artist, and plaintiff agreed to pay the defendant $25 a week for each week during which plaintiff might be engaged to perform at the rate of $100 per week. It is immaterial whether we regard the alleged parol agreement testified to by plaintiff as merely a negotiation which became merged into the written agreement, or whether the written agreement be given its appropriate weight as totally disproving the extraordinary and incredible contention of the plaintiff as to the character of the contract entered into between the parties. In either event, the judgment must be reversed, with $30 costs, and, as it is